IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                            CASE NO. 4:17-CR-40014-004

LADARRIUS ROBINSON                                                                    DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Severance. ECF No. 121. The Government has responded. ECF No. 127. The Court finds this matter ripe for consideration.

## BACKGROUND

On January 23, 2018, Defendant was named in eight counts of a twenty-five count Second Superseding Indictment (hereinafter the "Indictment") that also named as Co-Defendants Fredrico Bradley (hereinafter "Bradley"), James Manuel (hereinafter "Manuel"), Christopher Manning (hereinafter "Manning"), and Ricardo Walker. ECF No. 77. On May 17, 2018, Bradley entered a plea agreement in which he plead guilty to Count One of the Indictment and admitted to "knowingly, intentionally, and unlawfully combin[ing], conspir[ing], confederating, and agree[ing] with [co-Defendants] James Manuel, Christopher Manning, and others to distribute" various controlled substances.[1] Case No. 4:17-cr-40014-1, ECF No. 104, ¶ 5(a). Defendant now moves for severance.

## LEGAL STANDARD

Federal Rule of Criminal Procedure (8)(b) governs the joinder of defendants and states that:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in

---

[1] Subsequent to the filing of the instant motion, Co-Defendant Manning changed his plea and entered a plea of guilty. Case No. 4:17-CR-40014-003, ECF No. 131.

one or more counts together or separately. All defendants need not be charged in each count.

However, even if joinder is proper under Rule 8(b), Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of . . . defendants . . . for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Eighth Circuit has observed that "the decision to grant severance to a defendant from a joint trial is within the district court's discretion." *United States v. Young*, 753 F.3d 757, 778 (8th Cir. 2014) (citing *United States v. Ortiz*, 315 F.3d 873, 898 (8th Cir. 2002)). A defendant who seeks severance carries a heavy burden of showing that severance is warranted. *Id.* at 777-78 (citing *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010)). "[W]here a defendant demonstrates that a joint trial will prejudice his right to a fair trial, the court must sever the trials." *United States v. Engleman*, 648 F.2d 473, 480-81 (8th Cir. 1981) (citation omitted). Furthermore, the Court "may sever trials if it appears that compelling or severe prejudice will result to the defendant." *Young*, 753 F. 3d at 777 (citing *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir.2003)). "Prejudice is 'some appreciable chance that defendants would not have been convicted had the separate trial they wanted been granted.'" *Id*. (quoting *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010) (quotation and citation omitted)).

The Eighth Circuit has stated that "[d]efendants may show real prejudice to their right to a fair trial by demonstrating that their defense is irreconcilable with a codefendant's defense, or the jury will be unable to properly compartmentalize the evidence as it relates to the separate defendants. *Id*. (citing *United States v. Mueller*, 661 F.3d 338, 347-48 (8th Cir. 2011), *cert. denied*, 566 U.S. 955 (2012)). Accordingly, a "defendant must demonstrate more than a higher probability of acquittal had severance been granted." *Id*. (citing *Zafiro v. United States*, 506 U.S. 534, 540 (1993)). "[S]evere prejudice may occur when evidence against one defendant is admitted despite it not being admissible had a defendant been tried alone." *Id.* at 778 (citing *Zafiro*, 506 U.S. at 539).

However, "[g]enerally, persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *Id*. (quoting *Mueller*, 661 F.3d at 347 (quotation and citation omitted)). "A joint trial is preferable because it 'gives the jury the best perspective on all of the evidence and, therefore, increases the likelihood of a correct outcome.'" *Id*. (quoting *Pherigo*, 327 F.3d at 693 (quotation and citation omitted)). Finally, appropriate limiting instructions may adequately address any risk of prejudice. *See Sandstrom*, 594 F.3d at 644 (noting that the government had cited "the Supreme Court and this court's recognition that the risk of prejudice from a joint trial is best resolved through jury instructions[.]"); *see also Zafiro*, 506 U.S. at 540 ("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.").

## DISCUSSION

In the instant motion, Defendant moves the Court, pursuant to Federal Rule of Criminal Procedure 14(a), for a separate trial.[2] Defendant argues that a joint trial would be unfairly prejudicial to him. Defendant bases his arguments for severance on two contentions: (1) that allowing a joint trial will result in evidence that does not pertain to Defendant being used against him and (2) that allowing a joint trial will result in Bradley's testimony and admission of guilt being used against Defendant although Bradley has only admitted to conspiring with Co-Defendants Manuel, Manning, and "others."

In response, the Government argues that Defendant has failed to carry his burden of showing that severance is justified. The Government states that it has informed the remaining Defendants of Bradley's "decision to cooperate and testify on behalf of the United States and has provided each a

---

[2] There appears to be no dispute that all Co-Defendants were properly joined under Rule 8(b). Upon consideration, the Court finds that the Co-Defendants were properly joined pursuant to Rule 8(b) as the Second Superseding Indictment charges, in part, that the Co-Defendants conspired to distribute various controlled substances.

summary of Bradley's anticipated testimony." ECF No. 127, p. 1. The Government contends that severance is not required simply because evidence that is admissible and relevant to co-defendants may be damaging to others and that less drastic remedies—specifically limiting instructions—would properly address any perceived possibility of undue prejudice.

The Court will address each of Defendant's arguments in turn.

## I. Cumulative Evidence

Defendant asserts that he is one of five defendants and has been named in only eight counts of a twenty-five count indictment. Accordingly, Defendant argues that evidence the Government will use in relation to his co-defendants would be cumulative and unduly prejudicial. Likewise, Defendant claims that this evidence will be used to "bolster any evidence that pertains to [him] in a manner that skews the jury into finding [him] guilty." ECF No. 121, pp. 3-4. Defendant contends that the majority of the evidence the Government will present in regard to his Co-Defendants does not relate to him and that "to allow the jury to hear evidence against the other defendants will do nothing more than to tell a jury that [Defendant] is guilty by association." ECF No. 121, p. 3. Defendant states that this would deny him a fair trial.

Upon consideration of this argument, the Court finds that Defendant has failed to carry his burden of establishing that severance is warranted. The Court finds Defendant's arguments on this point unpersuasive and speculative. At this juncture, based on the current briefing, the Court is satisfied that properly tailored limiting instructions will serve to prevent the jury from unfairly considering evidence offered in relation to Defendant's Co-Defendants in regard to Defendant. With adequate instruction, the Court believes the jury will be able to properly compartmentalize the evidence in relation to the defendant to which it pertains. In coming to this conclusion, the Court notes that juries are presumed to follow instructions given by the trial court. *See United States v. Thomas*, 877 F.3d 1077, 1079 (8th Cir. 2017).

## II. Co-Defendant Bradley's Admission of Guilt

Defendant further specifically argues that the Government may solicit testimony or seek to introduce previous testimony from Co-Defendant Bradley, who has pled guilty and admitted to "knowingly, intentionally, and unlawfully combin[ing], conpir[ing], confederating, and agree[ing] with [co-Defendants] James Manuel, Christopher Manning, and others to distribute" various controlled substances. Case No. 4:17-cr-40014-1, ECF No. 104, ¶ 5(a). Defendant argues that Bradley's admission "to conspiring with others, namely [Defendant], will prejudice [Defendant] in the eyes of the jury even though Bradley never mentions, nor does the Government have evidence of Bradley, conspiring with [Defendant]." ECF No. 121, p. 4. Defendant asserts that "[i]f the jury is to hear evidence and testimony from Bradley that implicates Manuel, Manning, and others in the same trial" as Defendant, "then he will be unduly prejudiced in the eyes of the jury by the plea, admission, testimony, and evidence that the government has received from Bradley." ECF No. 121, p. 5. Accordingly, Defendant argues that justice requires severance.

Once again, the Court finds Defendant's arguments on this issue unpersuasive and speculative. As noted above, the Court believes that properly tailored limiting instructions will adequately ensure that the jury does not improperly consider certain evidence against Defendant. Furthermore, it appears that the Government intends to have Bradley testify at trial. *See* ECF No. 121, p. 1 (stating that the Government has "informed the other defendants of Bradley's decision to cooperate and testify on behalf of the United States and has provided each a summary of Bradley's anticipated testimony."). As such, Defendant's counsel will have the opportunity to cross-examine Bradley about his statements and admissions.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to show that he will be prejudiced by a joint trial and, accordingly, has failed to carry his burden of showing that severance

under Federal Rule of Civil Procedure 14 is proper. Accordingly, Defendant's Motion for Severance (ECF No. 121) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of August, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge