IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                        CASE NO. 4:17-CR-40014-004

LADARRIUS ROBINSON                                                          DEFENDANT

**ORDER**

Before the Court is Defendant's *Brady* Motion to Compel Disclosure of Exculpatory Evidence. ECF No. 122. The Government has responded. ECF No. 126. Defendant has replied. ECF No. 129. The Court finds this matter ripe for consideration.

**DISCUSSION**

In the instant motion, Defendant moves the Court to order the Government to produce forms of exculpatory and impeachment materials the Government may possess. The Government has responded, asserting that it has disclosed all materials it is obligated to produce at this time.[1] Defendant has filed a reply, asserting that he is entitled to the requested materials. Upon review of the filings, the points of contention appear to concern (1) the time table for disclosure of certain potential *Brady*[2] material, (2) whether the Government should be compelled to disclose impeachment material immediately, and (3) whether Defendant has carried his burden of establishing that he is

---

[1] The Court notes that Defendant's motion is, aside from the reference to *Brady*, wholly void of argument or citations to authority, instead consisting of unsupported requests to compel certain unspecified evidence and information. Accordingly, the following discussions will generally begin with arguments made in the Government's response, then turn to arguments made in Defendant's reply. Generally, the Court will not consider arguments initially made by a moving party in a reply brief, but in the instant case will do so in the name of judicial economy and only because the Government has briefed the issues. Defendant is hereby given notice that any future motion must be properly supported and comply with Local Rule 7.2.

[2] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

entitled to disclosure of the identities and whereabouts of confidential informants the Government has utilized. The Court will address each issue in turn.

## I. Timeline for Disclosure of *Brady* Material Under the Jencks Act

Defendant requests disclosure of exculpatory information related to any written statements, transcripts, recordings, summaries, or notes of oral statements given by any person that the Government has interviewed in connection with this case, including confidential informants.

In response to the instant motion, the Government asserts that to the extent Defendant requests evidence that qualifies as both statements of a prospective witness under the Jencks Act and *Brady* material, the Jencks Act governs the timing[3] of such disclosures. ECF No. 126, pp. 1-2 (citing *United States v. Bencs*, 28 F.3d 555, 561 (2d Cir. 1994), which stated that "[w]hen *Brady* material sought by a defendant is covered by the Jencks Act, 18 U.S.C. § 3500, the terms of that Act govern the timing of the government's disclosure."). In his reply, Defendant asserts his belief that the Government is withholding *Brady* material. However, Defendant concedes that the Jencks Act governs the timing "of the government disclosures regarding information related to any written statements, transcripts, recordings, summaries, or notes of oral statements given by any person that the government has interviewed in connection with this case, including confidential informants." ECF No. 129, pp. 1-2. That being said, Defendant argues that "it has been noted" that "due process requires

---

[3] The timing provisions of the Jencks Act, 18 U.S.C. § 3500, provide, in relevant part, that:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case. . . . After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(a) & (b).

that the government's *Brady* obligation trumps the statutory time table set forth in [the Jencks Act] to the extent a temporal conflict is found to exist." ECF No. 129, p. 2 (quoting *United States v. Avellino*, 129 F. Supp. 2d 214, 218 (E.D.N.Y. 2001)). Accordingly, Defendant takes the position that the Government's *Brady* obligations "trump" the Jencks Act timing provisions and that the Court should order the immediate disclosure of the requested information.

As an initial matter, the Court notes that Defendant offers nothing by way of argument or evidence to support his contention that the Government is withholding *Brady* material. As such, the Court need not discuss the issue any further except to remind the Government of its continuing responsibilities under *Brady* and its progeny.

Furthermore, the Court finds it unnecessary to attempt to resolve the perceived tension between the parties' cited authorities. Under Eighth Circuit precedent, "*Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial."[4] *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005). Defendant—the moving party—does not explain why applying the Jencks Act timing provisions would constitute a *Brady* violation, nor does he otherwise explain how allowing the Government to disclose information pursuant to the timing provisions of the Jencks Act will result in the information being provided "too late" for him to use.

Accordingly, upon consideration, the Court finds Defendant's argument on this issue unpersuasive.

---

[4] The Court also notes that the Eighth Circuit has stated the government may not be required to disclose Jencks Act material in advance of trial. *See United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984) ("Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so.").

**II. Impeachment Material**

Defendant seeks disclosure of impeachment material regarding the Government's intended witnesses and any potential witnesses.

In regard to impeachment material, the Government acknowledges its disclosure responsibilities under *Brady* and *Giglio*[5] "to inform the Defendant of any promises of immunity, leniency, or other favorable treatment made to witnesses who testify," but argues that Defendant does not cite any authority to support the proposition that the Government must also disclose such information pertaining to individuals who will not testify. ECF No. 126, p. 2. The Government further argues that, in regard to witnesses the Government will call to testify, such impeachment information is not discoverable before trial. The Government notes that Defendant is entitled to the requested impeachment information for use on cross-examination and states that it will be provided to Defendant prior to cross-examination of any witness. The Government further notes its practice of providing the requested materials two days before the start of trial. Finally, the Government states that, at this time, it has not determined which witnesses it intends to call at trial.

In his reply, Defendant concedes that the Government is not required to provide impeachment information prior to trial but asserts that such information must be disclosed before it is too late for Defendant to use the information. Defendant further asserts that Eighth Circuit precedent "does not condone" the Government "waiting three days prior to trial to grant information sought by the defendant."[6] ECF No. 129, p. 3.

Although Defendant acknowledges that the Government is not required to provide the requested information prior to trial, he asserts that the Government must provide such information

---

[5] *Giglio v. United States*, 405 U.S. 150 (1972).
[6] Defendant also notes that "when the government waits until the eve of trial to decide to call the informant as a witness, and the information is given to defense the day before trial, continuances" have been granted to allow a defendant time to prepare for a full cross-examination of the witness. ECF No. 129, p. 3. Defendant does not move for a continuance or otherwise argue a continuance is warranted. As such, the Court will not consider the issue of a continuance at this time.

before it is too late for Defendant to use the information. However, Defendant fails to explain why it will be "too late" for him to use the information if the Government is not ordered to provide such information immediately and is instead allowed to disclose the information as proposed. Although Defendant has cited an Eighth Circuit case for the proposition that the Eighth Circuit "does not condone" the government waiting until three days before trial to provide relevant impeachment evidence, s*ee United States v. Flores-Mireles*, 112 F.3d 337, 340 (8th Cir. 1997)[7], this is not sufficient to establish that the Government is required to disclose impeachment information at this time.

Finally, Defendant has cited no authority for the proposition that the Government must provide impeachment material for potential witnesses who ultimately do not testify. As this issue has not been properly briefed, the Court will not consider it in regard to the instant motion.

Accordingly, upon consideration the Court finds Defendant's arguments on this issue unpersuasive.

**III. Evidence Pertaining to Confidential Informants**

Defendant seeks disclosure of information, including the names and whereabouts, pertaining to confidential informants the Government utilized in the present case.

Where a defendant moves to compel the disclosure of the identity of a confidential informant, "the defendant bears the burden of demonstrating a need for disclosure." *United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998). In such situations, the Court must weigh a defendant's "right to information against the government's privilege to withhold the identity of its confidential informants." *United States v. Lapsley*, 334 F.3d 762, 763-64 (8th Cir. 2003) (quoting *United States v.*

---

[7] In *Flores-Mireles*, the appellant argued that a *Brady* violation occurred when the government denied an informant's material role in the case and ignored discovery requests to make the informant known and available at trial. 112 F.3d at 340. The government asserted that it failed to disclose such information because "no decision was made to use the evidence of the controlled buys through the testimony of [the informant] until . . . three days before trial." *Id*. The Eighth Circuit found that "[a]lthough we in no way condone the government's delay in releasing evidence with regard to the informant, we do not agree . . . that this delay amounted to a violation under *Brady*." *Id*. In coming to this conclusion, the court noted that the informant testified but "offered no exculpatory evidence" and that, therefore, "the *Brady* analysis simply [did] not apply." *Id*.

5

*Fairchild*, 122 F.3d 605, 609 (8th Cir. 1997)). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *United States v. Rojas*, 38 F. Supp. 3d 1038 (N.D. Iowa 2014) (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)). That being said, "disclosure should not be ordered unless the informant's identity is deemed 'vital to a fair trial.'" *Id*. (quoting *Wright*, 145 F.3d at 975).

The Eighth Circuit has observed that although "there is no litmus test for determining when disclosure is required . . . perhaps the most important factor for a court in this circumstance to consider is whether the [confidential informant's] information is material to the defense." *Lapsley*, 334 F.3d at 764 (citing *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991)). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (quoting *Harrington*, 951 F.2d at 878). Plaintiff must "establish beyond mere speculation that the [confidential informant's] testimony [or identity] will be material to the determination of the case." *Harrington*, 951 F.2d 877; *United States v. Curtis*, 965 F.2d 610, 614 (8th Cir. 1992) ("Appellants failed to establish that disclosure of the informant's identity or his testimony was vital to their defense."). "Consequently, 'disclosure is typically not required when the informant 'merely convey[s] information to the government but neither witness[es] nor participat[es] in the offense.'" *Lapsley*, 334 F.3d at 764 (quoting *United States v. Chevre*, 146 F.3d 622, 623 (8th Cir. 1998)).

The Government asserts that the instant motion should be denied insofar as it seeks names and whereabouts of confidential informants. The Government states that Defendant's motion fails to show or even speculate that disclosure is necessary for a fair trial or how such information would be

helpful to Defendant.[8] In his reply, Defendant concedes that he has the burden of demonstrating the need for disclosure and that he must establish beyond speculation that a confidential informant's testimony will be material to the determination of the instant case and vital to a fair trial. However, Defendant contends that he has met this burden for the following reasons.

Defendant spends the majority of his discussion of this issue distinguishing the instant case from cases in which the Eighth Circuit has found that disclosure was not warranted. *See Wright*, 145 F.3d at 975-76 (finding that defendant had not shown that disclosure of the identity of a confidential informant who made a controlled narcotics purchase "was vital to the fairness of his trial" where defendant was convicted of being a felon in possession of a firearm based on firearm found in defendant's possession by officers executing a search warrant.); *United States v. Kime*, 99 F.3d 870, 879 (8th Cir. 1996) (finding that defendant's speculative assertions had not shown that disclosure of the identity of a confidential informant that had not and was never anticipated to testify at trial but whose earlier testimony, in part, supported the government's application for the interception of wire and oral communications was not warranted where informant's testimony played a minor role and was not essential in warrant-issuing judge's probable cause determination.); *Curtis*, 965 F.2d at 614 (finding no abuse of discretion where district court denied defendant's motion for disclosure after conducting an *in camera* inquiry to determine the materiality of the confidential informant's testimony.). Defendant asserts that, like in *Wright*, a confidential informant purchased narcotics from Defendant, but that in the present case Defendant is charged with drug offenses, unlike in *Wright*. Defendant further asserts that these purchases "make[] up the bulk of the [Government's] evidence" against him. ECF No. 129, p. 5. Accordingly, Defendant asserts that "it is anticipated" that the confidential informant(s) involved in these transactions will be called to testify at trial, unlike in *Kime*.

---

[8] The Court notes that at the time the Government responded, this was certainly true. However, again, the Court will consider the arguments presented in Defendant's reply.

Finally, Defendant notes "there has been no *in camera* review of the testimony or evidence that has been gathered by the confidential informant to determine the materiality of the confidential informant's evidence like in *Curtis*" but further argues that "nor should there be as the evidence gleaned from the confidential informants is the whole basis for the governments [sic] narcotic transaction charges against Defendant."

Although such distinctions may be useful to the determination of materiality, Defendant fails to affirmatively explain why disclosure is required in this case. Instead, Defendant simply asserts that transactions with a confidential informant underlie his drug charges and that it is "anticipated" that the confidential informant will be called to testify. Based on such bare and speculative assertions, the Court is unable to properly weigh Defendant's right for the requested information with the Government's privilege of nondisclosure. Accordingly, Defendant has failed to carry his burden of showing that disclosure of the testimony or identity of any confidential informant will be material to his defense and vital to a fair trial. Therefore, the Court finds that Defendant's request for information regarding confidential informants should be denied at this time.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's *Brady* Motion to Compel Disclosure of Exculpatory Evidence (ECF No. 122) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 30th day of August, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge