IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                            Case No. 4:17-cr-40014

LADARRIUS ROBINSON                                                                      DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Compassionate Release. ECF No. 250. The Court finds that no response is necessary and that the matter is ripe for consideration.

## BACKGROUND

On October 3, 2018, Defendant pled guilty to one count of knowingly and intentionally distributing more than 5 grams of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 84l(a)(l) and Title 21 U.S.C. § 84 1 (b)(l)(B)(viii). ECF No. 148. On July 18, 2019, Defendant was sentenced to one hundred (100) months imprisonment, four (4) years of supervised release, and a $100.00 special assessment. ECF No. 228.

On September 2, 2021, Defendant filed the instant *pro se* motion, seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 250. Defendant claims that his circumstances are "extraordinary and compelling" and justify his release under the statute. *Id*. at p. 5-7.

## DISCUSSION

As stated above, Defendant primarily seeks a compassionate release, resulting in a reduction of his sentence to time served. The Court cannot grant this request.

Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and

compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court must first determine whether Defendant's motion is properly raised. If so, the Court will reach the above-listed issues.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *See United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's

Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant has failed to show that he has exhausted his administrative remedies. Defendant has not alleged that he has requested release from his warden or attached any correspondence between him and his warden or any BOP officials regarding release. *See* 28 C.F.R. § 571.61(a). Therefore, Defendant has not shown that he has even initiated the administrative remedies that must be pursued prior to requesting release from the Court. Thus, the Court cannot consider Defendant's request for relief.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has not shown that he has fully exhausted his administrative remedies before filing the instant motion for a reduction in his sentence and release. Accordingly, Defendant's motion (ECF No. 250) is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of October, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge