IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                         Case No. 4:17-cr-40014-004

LADARRIUS ROBINSON                                                                      DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Compassionate Release. ECF No. 252. The Court finds that no response is necessary and that the matter is ripe for consideration.

## BACKGROUND

On October 3, 2018, Defendant pled guilty to one count of knowingly and intentionally distributing more than 5 grams of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 84l(a)(l) and Title 21 U.S.C. § 84 l (b)(l)(B)(viii). ECF No. 148. On July 18, 2019, Defendant was sentenced to one hundred (100) months imprisonment, four (4) years of supervised release, and a $100.00 special assessment. ECF No. 228.

On September 2, 2021, Defendant filed his first motion for release, seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 250. The Court denied that motion, finding that Defendant did not exhaust the required administrative remedies prior to moving for action by the Court. ECF No. 251. On October 18, 2021, Defendant filed the instant motion *pro se*, again seeking compassionate release and arguing that he has exhausted his administrative remedies. ECF No. 252. Specifically, Defendant included his warden's denial of his request for compassionate release, which he states he mistakenly excluded from his previous motion for release. *Id*.

## DISCUSSION

As stated above, Defendant primarily seeks a compassionate release, resulting in a reduction of his sentence to time served. The Court cannot grant this request.

Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court must first determine whether Defendant's motion is properly raised. If so, the Court will reach the above-listed issues.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *See United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). An inmate must appeal a warden's denial first to the appropriate BOP Regional Director, then to the BOP General Counsel if the Regional Director denied the appeal. 28 C.F.R. § 542.15. If the request is denied by the BOP's General Counsel or Director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant has failed to show that he has exhausted his administrative remedies. While Defendant has requested release and received a denial of his request from his warden, he has not alleged or provided any evidence that he has taken the necessary additional steps to appeal that denial. *See* 28 C.F.R. § 571.63(a-c); 28 C.F.R. § 542.15. Accordingly, Defendant has not shown that he has exhausted his administrative remedies prior to requesting release from the Court. Thus, the Court cannot consider Defendant's request for relief.

The Court also finds it prudent to highlight for Defendant what is required to show "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i) justifying a reduction

in his sentence. Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A). This policy statement limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1. Defendant must demonstrate one or a combination of these circumstances to be eligible for a reduction in his sentence, and his rehabilitation cannot stand alone as a justification for his release. *See* 28 U.S.C. § 994(t).

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has not shown that he has fully exhausted his administrative remedies before filing the instant motion for a reduction in his sentence and release. Accordingly, Defendant's motion (ECF No. 252) is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of November, 2021.

>                         /s/ Susan O. Hickey
>                         Susan O. Hickey
>                         Chief United States District Judge